163-06/ROSS
164-06/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for COSCO CONTAINER LINES
80 Pine Street
New York, New York 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
NIPPONKOA INSURANCE COMPANY, LTD.

                    Plaintiff,

   - against -

M/V FEI HE, M/V TENG HE, SEATRADE
INTERNATIONAL INC., COSCO CONTAINER
LINES, CHINA OCEAN SHIPPING
(GROUP) COMPANY, and ROYAL
GREENLAND U.S., INC.,

                    Defendants.
------------------------------------------------------------

ECF Case

06 CV 1286 (GBD)

**ANSWER TO AMENDED COMPLAINT**

Defendants, COSCO CONTAINER LINES and CHINA OCEAN SHIPPING (GROUP) COMPANY (hereinafter collectively called "COSCO"), by their attorneys Freehill Hogan & Mahar, LLP, answering the Amended Complaint of the Plaintiff herein, allege upon information and belief, as follows:

1. Admit that this is an admiralty and maritime claim within the meaning of Rule 9(h), but except as so admitted, deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Amended Complaint.

3. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Amended Complaint.

4. Admit that Defendants COSCO are corporations or other entities organized and existing under and by virtue of the law, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 5 of the Amended Complaint.

6. Admit that on or about March 31, 2005, the vessel FEI HE received a container on board at Boston, Massachusetts allegedly containing frozen shrimp, which was transported to the Port of Quindao, China, pursuant to the terms of the relevant ocean bills of lading, but as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7. Admit that the vessel arrived at the port of destination and that the aforementioned shipment was delivered, but except as so admitted, deny the remaining allegations contained in Paragraph 7 of the Amended Complaint.

8. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Amended Complaint.

10. Admit demand and non-payment, but except as so admitted, deny the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. Admit that on or about April 7, 2005, the vessel TENG HE received on board a container allegedly containing frozen shrimp at the port of Boston, Massachusetts for delivery to Quindao, China pursuant to the terms of relevant bills of lading, but except as so admitted, deny the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12. Admit that the aforementioned vessel arrived at the port of destination and delivered the shipment, but except as so admitted, deny the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14 of the Amended Complaint.

15. Admit demand and non-payment, but except as so admitted, deny the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendants COSCO incorporate herein by reference the admissions and denials set forth in Paragraphs 1 through 15 above, as if set forth herein at length, in response to Paragraph 16 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 17 of the Amended Complaint.

18. Deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendants COSCO incorporate herein by reference the admissions and denials set forth in Paragraphs 1 through 18 above, as if set forth herein at length, in response to Paragraph 19 of the Amended Complaint.

20. Deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendants COSCO incorporate herein by reference the admissions and denials set forth in Paragraphs 1 through 21 above, as if set forth herein at length, in response to Paragraph 22 of the Amended Complaint.

23. Deny the allegations contained in Paragraph 23 of the Amended Complaint.

24. Deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendants COSCO incorporate here and by reference the admissions and denials set forth in Paragraphs 1 through 24 above, as if set forth herein at length, in response to Paragraph 25 of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 26 of the Amended Complaint.

27.   Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 27 of the Amended Complaint.

28.   Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 28 of the Amended Complaint.

29.   Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 29 of the Amended Complaint.

30.   Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 30 of the Amended Complaint.

31.   Admit demand and non-payment, but except as so admitted, deny the remaining allegations contained in Paragraph 31 of the Amended Complaint.

### FIRST DEFENSE

32.   The Complaint fails to state a claim against Defendants COSCO upon which relief may be granted.

### SECOND DEFENSE

33.   Under the terms and conditions of certain contracts of carriage, which govern the rights and liabilities of the parties herein, the Defendants COSCO are not liable.

### THIRD DEFENSE

34.   Any liability of the Defendants COSCO, which is denied, is limited in an amount by the terms of the contracts of carriage and the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.*

### FOURTH DEFENSE

35. If any loss and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by the Defendants COSCO, and such damage was not sustained by the shipment while in the care, custody or control of the Defendants COSCO.

### FIFTH DEFENSE

36. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others over whom Defendants COSCO have no control and for whom they have no liability.

### SIXTH DEFENSE

37. The shipment referred to in the Complaint was allegedly received, loaded and carried pursuant to the terms of certain bills of lading. Under the terms of said contracts, the Defendants COSCO are not liable or their liability is limited.

### SEVENTH DEFENSE

38. If any loss or damage to the goods, as alleged in the Complaint occurred, such loss or damage arose or resulted from excepted causes under COGSA or the act or neglect of third-parties over whom the Defendants COSCO have no control and for whom they have no liability.

## EIGHTH DEFENSE

39. The Complaint should be dismissed pursuant to a foreign forum selection clause agreed to in the bill of lading contract of carriage. Clause 26 of the bill of lading provides:

> 26 LAW AND JURISDICTION
>
> (1) This bill of lading is governed by the laws of the Peoples Republic of China. All disputes arising under or in connection with this Bill of Lading shall be determined by the laws of the Peoples Republic of China and any action against the carrier shall be brought before the Shanghai Maritime Court or other Maritime Court in the Peoples Republic of China, as the case may be.

## NINETH DEFENSE

40. In the event that the Plaintiff can prove damages, Defendants COSCO maintain that the Plaintiff failed to mitigate these damages.

**WHEREFORE,** Defendants COSCO demand judgment dismissing the Plaintiff's Amended Complaint, with prejudice, together with the costs, disbursements and reasonable attorney fees and for such other and different relief as this Court may deem just and proper under the premises.

Dated:  New York, New York
July 31, 2007

          FREEHILL, HOGAN & MAHAR LLP
          Attorneys for Defendants COSCO
          CONTAINER LINES and CHINA
          OCEAN SHIPPING (GROUP) COMPANY

      By: _____
          James L. Ross (JR6411)
          80 Pine Street
          New York, New York
          212-425-1900

TO:  Maloof Browne & Eagan, LLC
    Attorneys for Plaintiff Nipponkoa Insurance Co. of America
    411 Theodore Fremd Avenue
    Suite 190
    Rye, New York 10580
    Attention: David T. Maloof, Esq. and Thomas M. Eagan, Esq.

    Dougherty Ryan Guiffra Zambito & Hession
    Attorneys for Defendant Seatrade International, Inc.
    131 E. 38th Street
    New York, New York 10016
    Attention: Peter Zambito, Esq.

    Kirkpatrick & Lockhart
    Preston Gates Ellis LLP
    Attorneys for Defendant Royal Greenland U.S. Inc.
    599 Lexington Avenue
    New York, New York 10022-6030
    Attention: Michael R. Gordon, Esq.
         Vincent P. Rao II, Esq.